**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**TRACY JERRELL WASHINGTON,**

|  |  |  |
|---|---|---|
| **Plaintiff,** | | **CIVIL ACTION NO. 13-cv-14083** |
| **v.** | | **DISTRICT JUDGE TERRENCE G. BERG** |
| **COMMISSIONER OF<br>SOCIAL SECURITY,** | | **MAGISTRATE JUDGE MONA K. MAJZOUB** |
| **Defendant.** | | |

_____/

## REPORT AND RECOMMENDATION

Plaintiff Tracy Washington seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 9) and Defendant's Motion for Summary Judgment (docket no. 10).  The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Docket no. 3.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.    RECOMMENDATION

This Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 9) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 10) be GRANTED.

## II.      PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income with a protective filing date of December 10, 2010, alleging disability beginning July 10, 2008, due to back pain, obesity, depression, and anxiety.  (*See* TR 13, 15.)  The Social Security Administration denied Plaintiff's claim on April 21, 2011, and Plaintiff requested a *de novo* hearing, which was held on June 26, 2012, before Administrative Law Judge (ALJ) James J. Kent, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy.  (TR 13-22.)  The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.     PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A.      Plaintiff's Testimony and the Medical Evidence of Record

In her brief, Plaintiff sets forth a short procedural history of this matter, discusses the ALJ's basis for denying her benefits, and sets out the ALJ's RFC Determination.  (Docket no. 9 at 5.)  Additionally, after setting forth the relevant law in this matter, Plaintiff restates the ALJ's findings, summarizes her testimony, and makes some fleeting references to her medical records.  (Docket no. 9 at 10-11.)  Defendant's account of Plaintiff's testimony and medical record is largely consistent with the ALJ's, but it is more sharply focused on the evidence in support of Defendant's position.  (Docket no. 10 at 5-9.)  The undersigned has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's

2

decision (TR 17-21) and Plaintiff's brief (Docket no. 9 at 10-11) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### B.    Vocational Expert's Testimony

The ALJ asked the Vocational Expert (VE) whether a hypothetical person of the same age, education, and work experience as Plaintiff with the following additional limitations:

> This individual is able to work at the light level; she can lift up to 20 pounds occasionally; she can lift and carry up to 10 pounds frequently; she can stand and walk for 6 hours and sit for up to 6 hours in an 8-hour workday with normal work breaks; she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she would have to avoid concentrated heat, humidity and environmental irritants such as fumes, odors, dust and gases; she's able to perform simple, routine, repetitive tasks.

(TR 41.)  The VE testified that such an individual could perform light, unskilled work as, for example, a production worker/assembler, an inspector, or a hand packager, with about 10,000, 5,500, and 8,500 jobs in the region, respectively.  (TR 41.)

The ALJ then asked the VE to assume a second hypothetical individual with the following limitations:

> [The individual] is limited to working at the sedentary level.  She does have limits on how long she can stand and walk.  She might be limited to standing 5 to 10 minutes and walking for about a half-a-block at which time she would require a sit/stand option at will.  Provided the person is not off task more than 10 percent of the work period she would have the same postural limitations and environmental limitations as our first hypothetical individual.  This individual would also be able to perform simple, routine, repetitive tasks.  She may be limited to only occasional interaction with the public and only occasional interaction with coworkers.

(TR 42.)   The VE testified that such an individual would work as, for example, an assembler/production worker, a finisher, a table worker, or a bit tapper.  (TR 42.)  The VE testified that there are about 2,400 jobs in Michigan for an assembler, 700 jobs for an inspector, and 1,300 jobs for a bit tapper.  (TR 42.)

The VE then testified, in response to the ALJ's inquiry, that neither the first hypothetical individual nor the second hypothetical individual could perform any jobs in the national or regional economy if the individual had "problems remaining focused and up to four times in an hour would lose focus and lose pace such that she has to allow to be off task 15 percent or more of the day in additional to regularly scheduled breaks." (TR 42.) The VE also testified that an individual would not be able to perform any jobs if she (1) "require[d] two ore more unscheduled work breaks in an 8-hour workday at which time she would have to go lay down and take a nap for anywhere from 5 minutes to a half hour," or (2) were "unable to engage in sustained work activity on a regular and continuing basis." (TR 42-43.) The VE added that to maintain employment, a person would need to remain on task 94% to 95% of the time and not take more than 6 unexcused absences in a 6-month period. (TR 43.)

## IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 10, 2010. (TR 15.) The ALJ then found that Plaintiff suffered from severe back pain, obesity, depression, and anxiety. (TR 15.) The ALJ also found, however, that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Subpart 404, Subpart P, Appendix 1. (TR 19-21.) The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work . . . except she could lift up to 20 pounds occasionally and lift and/or carry up to 10 pounds frequently. She could with normal breaks stand and/or walk for six hours in an eight-hour workday and sit up to six hours in an eight-hour workday. The claimant could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs but never climb ladders, ropes, or scaffolds. She would need to avoid exposure to heat, humidity, and pulmonary irritants. The claimant could perform simple, routine, repetitive tasks.

4

(TR 17-21.)  Subsequently, the ALJ found that Plaintiff had no past relevant work, but in reliance on the VE's testimony, the ALJ further found that Plaintiff could perform a significant number of jobs in the national economy.  (TR 21-22.)  Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since December 10, 2010, the date her application was filed.  (TR 27.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir.

1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

    (1)    Plaintiff was not presently engaged in substantial gainful employment; and

    (2)    Plaintiff suffered from a severe impairment; and

    (3)    the impairment met or was medically equal to a "listed impairment;" or

    (4)    Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work.  If not, Plaintiff would be deemed disabled.  *See id.* at § 404.1520(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her*, 203 F.3d at 391.  To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs."  *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'"  *Id.* (citations omitted).

### C.    Analysis

6

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)).  Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g).  Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).  Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments."  (Docket no. 9 at 6.)

### 1. *Plaintiff's Hypothetical Question Argument*

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record.  *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible.  The VE testified that there are jobs available for a person with these limitations.  Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion

asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff's argument fails as her entire discussion of this matter is limited to several pages of legal standards and a few vague references to her testimony and medical records.  (*See* docket no. 9.)  Plaintiff does not discuss why she believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE.  As the Court addressed in a similar matter wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.).  Thus, Plaintiff's Motion should be denied with regard to this issue.

### 2. *Plaintiff's Credibility Argument*

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997).  But credibility assessments are not insulated from judicial review.  Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence.  *Id.*  An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p.  "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the

8

allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "[t]he medical record supports her testimony." (Docket no. 9 at 11.) To support this argument, Plaintiff follows with references to her medical record:

> The medical record in regards to her mental conditions the (sic) State of Michigan evaluation gave a diagnoses of "major depressive disorder, recurrent, moderate," "anxiety disorder NOS, with PTSD features," "personality disorder NOS, with paranoid features" and a GAF of 45. (Tr. 200) Additionally, in the record dated 6/24/2009 also revealed (sic) diagnoses of "major depression, recurrent, with psychotic features," "generalized anxiety disorder," "anxiety disorder NOS," and a GAF of 45. (Tr. 256) Also see (Tr. 280, 321). Also at (Tr. 260) it also (sic) reveals that "she has a crying spells" as well. Also in the record dated 6/24/2009 it also (sic) indicates that she states "I'm depressed," "I'm anxious," "I'm anxious for no reason," "it's usually all the time," "I have trouble sleeping," "I'm not really eating." (Tr. 262)

Thus, as can be seen her testimony regarding her severe medical impairments is backed up by medical documentation. For the ALJ to indicate that her testimony was not credible is clearly in error.

The VE testified, in response to the hypothetical the judge decided to follow that the claimant could perform work as an assembler, inspector, and packager. (Tr. 21-22) However, when the VE was asked if it would be work preclusive if she would ". . . be off taks (sic) 15 percent or more of the day in addition to regularly scheduled breaks . . . that that (sic) would be work preclusive. (Tr. 42) The VE also stated it would be work preclusive if she "would require two or more unscheduled work breaks . . . . she would have to go and lay down and take a nap anywhere from 5 minutes to a half hour . . ." as well. (Tr. 42) There would also be no jobs, the VE testified, if that (sic) Ms. Washington's testimony was viewed an credible. (Tr. 43)

Simply said the hypothetical the judge decided to follow was woefully inadequate and did not mirror Tracy Washington in every relevant aspect. The off task and frequent break hypothetical much more adequately represent Ms. Washington in all relevant aspects and should have been followed.

(*Id*. at 11-12.)  Like Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis.  Even assuming, *arguendo,* that Plaintiff's medical records are consistent with her complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings.  In addition to considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. § 416.929(c)(3) and found that Plaintiff's disability allegations were less than credible, stating as follows:

In assessing the claimant's credibility, a review of the medical evidence of record, longitudinal history, and testimony at the hearing puts the claimant's credibility at issue.  The claimant's activities of daily living are somewhat limited, but she acknowledges the ability to do occasional household chores, and sufficient concentration to drive and watch some television.  The claimant is independent in personal care.  The claimant's treatment has been routine and conservative in terms of her physical conditions with unremarkable examination findings.  Her treatment has also been limited in terms of her mental health issues with improvement noted in evaluations.  The objective findings do not support the extreme limitations alleged by the claimant and reveal that she is not fully credible.

(TR 19 (citations omitted).)  There is substantial evidence in support of the ALJ's decision.  And

10

where the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella*, 708 F.2d at 1059, and even if substantial evidence also supports the opposite conclusion. *See Her,* 203 F.3d at 389-90.

### 3. *Waiver and Sanctions*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14

(E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700 (E.D. Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with

11

the work product of Plaintiff's counsel."    2014 WL 1207865, at *1 n.1 (collecting cases).

Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his

submissions in future suits to ensure that they advance properly supported arguments that rest upon

(and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or

referral for disciplinary proceedings. *Id.*  Nevertheless, any consideration of an award of sanctions

against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior

to Chief Judge Rosen's decision in *Fielder*.

## VI.    CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for

Summary Judgment (Docket no. 9) be DENIED and that Defendant's Motion for Summary

Judgment (Docket no. 10) be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and

Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for

in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard

v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638

F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and

Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant to

Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of

Michigan*, a copy of any objection must be served upon this Magistrate Judge.

12

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 7, 2014                    s/ Mona K. Majzoub_____
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 7, 2014                    s/ Lisa C. Bartlett_____
                                          Case Manager